## Corey Coal Company *v.* New York & Cleveland Gas Coal Company, Appellant.

*Arbitration—Scope of the reference—Statement of claim.*

1. An award of arbitrators will not be set aside where the defendant complains that the arbitrators had gone beyond the scope of the reference, if it appears that every item which the arbitrators allowed to the plaintiffs was claimed by the plaintiffs in the statement of claim filed in the suit arbitrated.

2. Where an arbitration of a pending cause is without exception or appeal, the award of the arbitrators can only be successfully attacked on the ground of fraud. If the arbitrators merely make a mistake, the injury is without remedy.

Argued Jan. 16, 1911. Appeal, No. 39, Oct. T., 1910, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 155, discharging rule to strike off award and open judgment in case of Corey Coal Company v. The New York & Cleveland Gas Coal Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Rule to strike off award of arbitrators.

KENNEDY, P. J., filed the following opinion:

This suit was brought May 22, 1905, and on October 28, 1908, it was referred to arbitrators, the reference or submission being in the following words:

"And now, to-wit, October 28th, 1908, referred by consent of attorneys in open court to F. W. Hughey, E. P. Douglas, and W. M. Lindsay, to meet at the office of F. W. Hughey, Esq., room 620 Bakewell Building, Pittsburgh, Pa., on ten days' notice to either party or their attorney, with full power in one or two attending to substitute in case of non-attendance, on whose report, or that of a majority, judgment may be entered by the Prothonotary, without exception or appeal, arbitrators' fees to be borne by the parties in equal shares."

To that reference was appended the following agreement, signed by the attorneys for plaintiffs and defendant:

"We agree that the following persons be chosen arbitrators, F. W. Hughey, E. P. Douglas, and W. M. Lindsay, and that the above order be made a rule of court, the arbitrators' fees to be borne by the parties in equal shares."

The said suit or matter was then so proceeded with that the said arbitrators made their award, dated June 5, 1909, in the following words:

"We, the arbitrators named in the annexed order, met at the time and place designated in the annexed notice, all the arbitrators named in the annexed order being present and all being duly sworn, and the parties being present, and having adjourned from time to time, and having heard the evidence and allegations of the parties and the arguments of their counsel, and having determined the matters in controversy submitted to us, do award to the plaintiffs the sum of twenty-five thousand and seven and fifty-two one-hundredths dollars ($25,007.52).

"Witness our hands this fifth day of June, A. D. 1909.

"F. W. Hughey,
"W. M. Lindsay,
"E. P. Douglas,
"Arbitrators."

This award was filed June 7, 1909, and on June 21, 1909, the court made the following order:

"And now, to-wit, June 21st, 1909, the within award presented in open court and approved and ordered to be entered of record and judgment entered thereon in favor of the plaintiffs and against the defendant for the amount named therein."

On June 24, 1909, the defendant filed in court a petition praying, for reasons therein given, that the said award be adjudged and determined entirely null and void and stricken from the record, on which petition the court made the following order:

"And now, June 24, 1909, the within petition presented

in open court, and on consideration thereof a rule is granted to show cause why the award should not be set aside, and in the meantime proceedings stayed, with leave to set aside order to stay."

On June 26, 1909, the defendant, it would seem, having found that judgment had been entered on said award, filed a supplemental petition, praying that the rule to show cause, granted June 24, 1909, should be amended and modified so that the said order of June 21, 1909, entering judgment on the award, should be opened and stricken from the record and the said judgment and said award set aside, on which supplemental petition the court made the following order:

"And now June 26, 1909, the within petition presented in open court, and on consideration thereof a rule is granted on plaintiffs to show cause why the order of June 21, 1909, should not be set aside, the judgment entered and the award opened, and the judgment and rule set aside and stricken from the record."

On these rules the matter came before this court for argument, and, upon the argument, the defendant contended: first, that the plaintiffs were allowed by the arbitrators for items of personal property that were not properly embraced in the suit or action because purchased before the agreement of June 1, 1896. The statement of claim, filed by the plaintiffs, contained all of the items of personal property for which the arbitrators allowed plaintiffs. It does not seem to be material when the articles were bought. The plaintiffs' claim in their statement was for the articles enumerated in the statement belonging to the plaintiffs, and upon the premises and appropriated by the defendant. It is true that articles of personal property for which plaintiffs were allowed were purchased before the agreement of June 1, 1896, but the plaintiffs' claim was for all articles enumerated in the statement which belonged to the plaintiffs and were appropriated by the defendant. The contract relating to such articles provided that the defendant should reimburse the plaintiffs

for moneys advanced therefor, but the plaintiffs, although claiming that they had advanced a sum of money greatly exceeding $23,000, waived their right to recover the amount of such moneys and sought only to recover the fair and reasonable value of said articles, which they claimed to be of the value of $22,299.23; but the arbitrators allowed them a very much smaller sum. They were allowed the sum for such articles because they were on the premises and taken possession of by the defendant June 1, 1900. We have no doubt that the items of personal property, allowed for by the arbitrators, were all in plaintiffs' statement of claim, and properly embraced in this action.

The defendant claimed, secondly, that the arbitrators allowed plaintiffs for permanent improvements, claimed to have been made under the contract of June 1, 1896, in disregard of the testimony to the effect that they were made prior to the contract, thus going beyond the submission. Under this claim the principal items complained of were: Entry or roof ripping, $371.50, and four pit mouths, $1,549.96. All of the four pit mouths are enumerated in the statement of claim. As to pit mouths Nos. 1 and 2, it seems that originally they were opened prior to the contract of June 1, 1896, but there was a question, under the testimony, whether the claim of the plaintiffs was for work done on the original openings, or for the improvement thereof after the contract of 1896. Under the disputed testimony, the arbitrators answered the question in favor of the plaintiffs, to which finding we can discover no error or objection. It was not contended that pit mouths Nos. 3 and 4 were opened prior to the contract of 1896. As to the entry or roof ripping, plaintiffs' claim was for 600 yards, all of which plaintiffs claimed was done after the contract of 1896 at ninety-five cents per yard, amounting to $570. The arbitrators allowed the lump sum of $371.50 for the ripping, which, under the disputed testimony, the plaintiffs were entitled to be paid for. We do not think the award of the arbitrators should be dis-

turbed for the allowance for permanent improvements. It must be remembered that this submission or reference is without exception or appeal, and the award of the arbitrators can only be successfully attacked on the ground of fraud. If the arbitrators merely made mistakes, and nothing else is alleged here, the injury is remediless.

Both of the above-stated rules should be discharged and the award of arbitrators, and the judgment entered thereon, confirmed.

*Error assigned* was the order of the court.

*Lyon & Hunter*, for appellant.

*McKee, Mitchell & Alter*, with them *George Weil*, for appellees.

PER CURIAM, March 20, 1911:

This appeal is dismissed on the opinion of the learned president judge of the court below in discharging the rules to show cause why the award of arbitrators should not be set aside and the judgment entered thereon stricken from the record.